UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DARREL T. HATFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:10-CV-188 |
| | ) | |
| | ) | Chief Judge Curtis L. Collier |
| MARION COUNTY GOVERNMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court are two motions filed by the defendants. Defendant Tabitha Faye Hatfield Phillips ("Phillips") filed a motion to dismiss (Court File No. 8) and Defendants Marion County Government ("Marion County") and Captain Billy Powell ("Capt. Powell") filed a motion for judgment on the pleadings (Court File No. 10). Phillips moves for dismissal based on Plaintiff Darrel Hatfield's ("Plaintiff") failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to allege facts to demonstrate Phillips was acting under color of state law. Marion County and Capt. Powell seek dismissal of this action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, claiming Plaintiff's claims against these two defendants are time-barred.

The Court has reviewed the parties' motions and supporting documentation as well as the responses and replies (Court File Nos. 8, 9, 10, 11, 17, 18, 21, and 22) and for the following reasons, the Court will **GRANT** both motions (Court File Nos. 8, 10).

**I.    RELEVANT FACTS**

For purposes of ruling on these motions, facts are taken as alleged in Plaintiff's complaint (Court File No. 1). This action arises out of events surrounding an order of protection ("Order")

sought by Phillips against her ex-husband, Plaintiff, and issued by the Marion County Circuit Court on February 9, 2009.[1] On February 14, 2009, Capt. Powell served Plaintiff with the Order and arrested him for violating the Order. Phillips contacted law enforcement officials and initiated the arrest, claiming Plaintiff violated the Order by attending a school event where their children were present. Capt. Powell informed Plaintiff he was prohibited from contacting the children and any further contact would constitute another arrest for violation of the Order.

Phillips and Capt. Powell knew the Order did not prevent the plaintiff from contacting his children. However, Plaintiff claims "Phillips acquiesced and ratified the County and Powell's actions, and assisted the County and Powell by her refusal to allow contact with the children based upon the Order" (Court File No. 1 at ¶ 14). Plaintiff had no contact with the children until after July 7, 2009, when the Marion County Circuit Court set aside the Order. Plaintiff's criminal charge was dismissed on January 12, 2010, because "the law does not permit this case to be prosecuted" (*Id.*, p. 5 ¶ 17).

Plaintiff filed this action on July 7, 2010, against Phillips, Capt. Powell, and Marion County, pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Fourteenth Amendment and the Tennessee Constitution as well as multiple state law claims. Plaintiff claims Capt. Powell and Phillips deprived him of his right to privacy in the child-parent relationship and caused mental anguish due to the loss of contact with his children. He contends Marion County is liable for failing

---

[1] The plaintiff references Phillips's petition for the order as occurring on "February 10, 2009" and the court issuing the *ex-parte* order on "February 9, 2010" in the complaint and responsive pleadings, but this appears to be a typographical error in the context of other dates in the complaint. All defendants in their filings indicate the correct date of the petition and *ex-parte* order is actually February 9, 2009. This date is more consistent with the timeline of facts alleged in the complaint and the court will credit the defendants' assertion February 9, 2009 is the proper date of the petition and order.

to properly train its officers in the act of service of process. Plaintiff also raises state law claims of (1) negligence against Marion County and Capt. Powell; (2) intentional infliction of emotional distress against Capt. Powell and Phillips; and (3) malicious prosecution against Phillips. Phillips filed the instant motion to dismiss on August 18, 2010, and Marion County and Capt. Powell filed the instant motion for judgment on the pleadings on August 30, 2010.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

When reviewing a motion to dismiss for failure to state a claim, the Court must consider the sufficiency of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of this determination, the Court construes the complaint in the light most favorable to the Plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**B.     Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is considered using the same standard of review as a Rule 12(b)(6) motion. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Under this standard, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *JP Morgan Chase Bank*, 510 F.3d at 581-82.

**III.     ANALYSIS**

**A.     Defendant Phillips's Motion to Dismiss**

Phillips contends Plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 ("§ 1983") because Plaintiff has not pleaded facts to establish Phillips acted under color of state law. Plaintiff asserts he has met the requirements of Rule 8 of the Federal Rules of Civil Procedure and "pleadings must be construed as to do justice" (Court File No. 17, p. 3 (citing Fed. R. Civ. P. 8(e))). Plaintiff claims Phillips acted under color of state law by obtaining significant aid from the State to obtain and enforce the Order and by acting in concert with the State had a "special bond" with the other defendants.

To state a claim under § 1983, the plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A plaintiff

4

generally may not proceed against a private party under § 1983 "no matter how discriminatory or wrongful the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (internal citations omitted). However, a private party may be said to be a state actor if: "(1) the deprivation complained of was caused by the exercise of some right or privilege created by the State and (2) the offending party acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982)) (internal citations omitted). The "mere use of the State's dispute resolution machinery, without the overt, significant assistance of state officials" by a private party cannot be considered state action. *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999)).

In Plaintiff's response, he urges the Court to attribute Phillips's actions to the State based on a concerted action or significant aid theories. Phillips's action of obtaining the Order in and of itself does not transform her into a state actor. *Tahfs*, 316 F.3d at 593 ("it is clear that by obtaining a [Personal Protection Order] from a state court, a private litigant does not make himself or herself a state actor"). Nevertheless, a private actor who conspires or engages in concerted action with state actors may be liable under § 1983. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). "Private persons, jointly engaged with state officials in the challenged action, are acting [] under color of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Conspiracy claims must be pleaded "with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). A district court is entitled to dismiss claims of conspiracy where the plaintiff fails to allege all elements, including an

5

agreement or single plan. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Mettetal v. Vanderbilt Univ. Legal Dep't.*, 147 F. App'x 577, 585 (6th Cir. 2005). Plaintiff alleges Phillips, Marion County, and Capt. Powell "conspired to deprive Plaintiff of his rights" and acted "in concert with [Marion County] and Powell" (Complaint ¶¶ 5, 9). However, other than alleging that both Phillips and Capt. Powell knew the Order did not prohibit Plaintiff from contacting his children, there is an absence of facts supporting an agreement or single plan between Phillips and the state. The complaint fails to allege with any specificity how Phillips's contacting law enforcement officials of the City of Jasper and refusing to allow Plaintiff to see the children was part of an agreement or single plan with the other defendants to deprive Plaintiff of a constitutional right.

In the absence of allegations of cooperation or concerted action between state and private actors, the Sixth Circuit recognizes three tests for determining if private conduct is attributable to the state: the public function test, the state compulsion test, and the nexus test. *City of Memphis*, 361 F.3d at 905; *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). Plaintiff similarly fails to allege sufficient facts to establish a state action by Phillips under any of the three tests. The public function test does not apply because Phillips did not exercise powers traditionally reserved exclusively to the state such as exercising the power of eminent domain or conducting elections. *See Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Instead, Phillips obtained an *ex parte* protection order and notified law enforcement of Plaintiff's presence at the school function. Neither of these is an action traditionally reserved to the state. Furthermore, "[a] request to a police officer, without more, cannot establish a claim against a private actor under § 1983." *Bell v. City of Chattanooga*, 1:08-cv-271, 2009 WL 331411 at *4 (E.D. Tenn. Feb. 9, 2009) (citing *Peng v. Hu*, 353 F.3d 970, 980 (9th Cir. 2003)). The state compulsion test likewise does not

6

apply as the complaint contains no allegation Marion County or Capt. Powell coerced or encouraged Phillips to take a particular action. Here, Phillips of her own accord, sought and obtained the Order, subsequently contacted law enforcement, and then continued to refuse contact between Plaintiff and the children. These actions do not demonstrate "the state significantly encouraged or somehow coerced" Phillips so "that the choice is really that of the state." *Tahfs*, 316 F.3d at 591. Finally, Plaintiff has not alleged a "sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor" to attribute Plaintiff's actions to the State. *Id.* Despite the Plaintiff's assertion of a "special bond," the Sixth Circuit rejected this argument in *Tahfs* when it concluded a private litigant's obtaining of a protective order does not make him or her a state actor under the three-part state action test. *Tahfs*, 316 F.3d at 593.

Absent the necessary factual content to allow the Court to draw a reasonable inference Phillips acted under the color of state law, the Court concludes Plaintiff fails to state a claim against Phillips pursuant to § 1983. Accordingly, the Court will **GRANT** Phillips's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Court File No. 8) and will **DISMISS** Plaintiff's § 1983 claim against Phillips. Plaintiff's remaining state law claims against Phillips are addressed in Part C below.

      **B.**    **Defendants Marion County and Capt. Powell's Motion for Judgment on the Pleadings**

Defendants Marion County and Capt. Powell move for judgment on the pleadings claiming Plaintiff's claims under § 1983 and state law claims of negligence and intentional infliction of emotional distress are all time-barred as the relevant statute of limitations for these claims is one year. Plaintiff asserts the harm was continuous and the statute of limitations did not actually expire until July 7, 2010.

7

Plaintiff's claims of civil rights violations by Marion County and Capt. Powell were brought under 42 U.S.C. § 1983, for which the statute of limitations is governed by the state limitations period governing actions for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985); *Berndt v. State of Tenn. & Lakeshore Mental Health Inst.*, 796 F.2d 879-883 (6th Cir. 1986). In Tennessee, the statute of limitations for civil rights actions is one year. Tenn. Code Ann. § 28-3-104(a); *Foster v. State*, 150 S.W. 3d 166, 168 (Tenn. Ct. App. 2004). This limitations period "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988*)*.

Plaintiff's allegations against Capt. Powell arise out of actions on February 14, 2009, when Capt. Powell arrested Plaintiff and served Plaintiff with the Order (Court File No. 1 at ¶ 12). At this same time, Capt. Powell informed Plaintiff he was prohibited from any contact with the children. Plaintiff contends by performing these actions, Capt. Powell "deprived [him] of his right to privacy in the child-parent relationship as established in the federal and state constitutions" (*id.* at ¶ 19). Liberally construing the timeline of allegations in the complaint, the injuries purportedly sustained occurred more than one year ago, culminating in Plaintiff's arrest on February 14, 2009 (Court File No. 1 at ¶ 13). Plaintiff's complaint was not filed until July 7, 2010, and his claim against Capt. Powell pursuant to § 1983 is therefore time-barred.

Plaintiff's claim against Marion County pursuant to § 1983 for failure to train its officers is also subject to the one-year statute of limitations. *See* Tenn Code Ann. § 28-3-104(a)(3). Plaintiff claims Marion County's "failure to properly train its officers in the act of service of process upon a person was the direct and proximate cause of Plaintiff's damages" (Court File No. 1 at ¶ 20). Therefore, Plaintiff alleges the failure to train resulted in an injury when Capt. Powell served

Plaintiff with the Order on February 14, 2009. Plaintiff's claim against Marion County pursuant to § 1983 was filed nearly five months after the one-year period had expired and is time-barred. Because these same events are the alleged "actions and omissions" by Marion County and Capt. Powell, which form the basis of Plaintiff's negligence claim and intentional infliction of emotional distress claims, these would also be time-barred under the one-year statute of limitations established in Tenn Code Ann. § 28-3-104(a). *Leach v. Taylor*, 124 S.W. 87, 91 (Tenn. 2004).

Plaintiff urges the Court to instead treat the alleged actions by Marion County and Capt. Powell as continuous violations which did not end until the Order was set aside in July 7, 2009. Plaintiff describes the initial harm as the issuance of the order of protection followed by the "falsehoods of [Capt. Powell], caused by the improper training" and culminating in the "improper and false arrest of the plaintiff occasioned by" Phillips's misconduct (Court File No. 21, p. 4). Although Plaintiff alleges this harm continued by Phillips's continued deprivation of the father-child relationship, which did not end until the Order was set aside, there are no additional allegations of wrongdoing by Marion County or Capt. Powell in the complaint. The fact Plaintiff did not have contact with the children until after July 7, 2009, was based on "representations by Powell" which occurred on February 14, 2009. Plaintiff references a "specter of the improper application of State power by Powell" and Marion County, but this is from "the original threat that plaintiff could not have contact with his offspring" (Court File No. 21, p. 4). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Broom v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009). Here, as in *Broom*, Plaintiff fails to demonstrate "continued wrongful conduct" by Marion County or Capt. Phillips, instead he alleges ill effects from misconduct that occurred in February 2009.

9

Accordingly, the Court finds Plaintiff's claims under § 1983 and state law claims of negligence and intentional infliction of emotional distress are subject to a one-year statute of limitations under Tenn Code Ann. § 28-3-104(a). This one-year period began on February 14, 2009, and Plaintiff's complaint was not filed until July 7, 2010 and his claims against these two defendants are time-barred. The Court will therefore **GRANT** Defendants Marion County and Capt. Powell's motion for judgment on the pleadings and will **DISMISS** all of Plaintiff's claims against these two defendants.

### C. State Law Claims against Phillips

In addition to his claims under § 1983, Plaintiff also asserts state law claims of intentional infliction of emotional distress and malicious prosecution against Phillips. These claims arise out of additional facts and alleged misconduct which occurred beyond February 2009 and thus are not time-barred in the same way as the claims against the other defendants. Under 28 U.S.C. § 1367(c)(3), a court has discretion to dismiss claims supported only by supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Because the Court is dismissing the claims under § 1983, the Court must now assess whether it should continue to exercise supplemental jurisdiction over the remaining two state claims against Phillips.

At every stage in litigation, the court should weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 483 U.S. 343, 350 (1988). In this case, all jurisdiction conferring claims will be eliminated prior to trial, thus the factors tend to weigh in favor of dismissal. *Id.* n.7; *see also Thurman v. DaimlerChrysler*, 397 F.3d 352, 359 (6th Cir. 2004) ("We have previously held

that when all federal claims have been dismissed before trial, the best course is to remand the state law claims") (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). The Court concludes at this early stage of the litigation, dismissal of the remaining state law claims against Phillips is appropriate. Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's malicious prosecution and intentional infliction of emotional distress claims against Phillips.

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Phillips's motion to dismiss (Court File No. 8) and Marion County and Capt. Powell's motion for judgment on the pleadings (Court File No. 10).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**